IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

D.M.I. DYNAMIC MANAGEMENT
& INVESTMENTS, B.V.,
   Plaintiff,

   v.

KONVICT MUZIK, LLC, et al.,
   Defendants.

CIVIL ACTION FILE
NO. 1:10-CV-3510-TWT

ORDER

This is an action for breach of contract. It is before the Court on Konvict Muzik, LLC, Konvict Muzik Group, LLC, Konvict Entertainment, LLC, Konvict Management & Artist Development, LLC, and Aliaune Thiam, p/k/a Akon's Motion to Dismiss [Doc. 8]. For the reasons set forth below, the Court GRANTS the Defendants' Motion to Dismiss [Doc. 8].

I. Background

This case arises out of a contract (the "Agreement") signed by D.M.I. Dynamic Management & Investments, B.V. ("DMI") and "Melvin Brown, Konvict Muzik LLC." (Compl., Ex. 1; Doc. 5-1.) The Agreement provided that DMI would contribute $400,000 for the production of a music album by the group "Glowb." The

Agreement further provided that "it [was] limited to the parties of signature hereto." (Id.)  Pursuant to the Agreement, DMI agreed to transfer $400,000 into the bank account of "Melvin Brown KMG." (Id.) DMI actually wired the funds to an account entitled "Melvin Brown, Inc.," an entity controlled by Brown.  (Compl., Ex. 1.) Shortly after the funds were transferred, Glowb disbanded.  None of DMI's $400,000 investment was returned.

DMI filed this action against Melvin Brown, Melvin Brown Inc., Konvict Muzik, LLC, Konvict Muzik Group, LLC, Konvict Entertainment, LLC, Konvict Management & Artist Development, LLC, and Aliaune Thiam, p/k/a "Akon," alleging breach of contract, conversion, fraud, and unjust enrichment [Doc. 1].  The Plaintiff argues that Brown signed the Agreement as an agent for Konvict Muzik, LLC, Konvict Muzik Group, LLC, Konvict Entertainment, LLC, and Konvict Management & Artist Development, LLC (collectively, the "Konvict Defendants").  On December 22, 2010, the Konvict Defendants and Aliaune Thiam, p/k/a "Akon" (collectively, the "Akon Defendants") filed a Motion to Dismiss [Doc. 8].

## II. Motion to Dismiss Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6).  A complaint may survive a motion

to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citations and quotations omitted). In ruling on a motion to dismiss, the court must accept factual allegations as true and construe them in the light most favorable to the plaintiff. See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983). Generally, notice pleading is all that is required for a valid complaint. See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 550 U.S. at 555).

### III. Discussion

A. Breach of Contract

The Plaintiff claims that Brown and the Konvict Defendants breached the Agreement. Specifically, DMI argues that although Brown signed the Agreement "Melvin Brown, Konvict Muzik, LLC," Brown was acting as an agent for all the Konvict Defendants. "The relation of principal and agent arises wherever one person, expressly or by implication, authorizes another to act for him or subsequently ratifies

the acts of another in his behalf." O.C.G.A. § 10-6-1. Express agency exists "where the principal expressly confers authority on the agent to act on its behalf." J'Carpc, LLC v. Wilkins, 545 F. Supp. 2d 1330, 1337 (N.D. Ga. 2008). By contrast, apparent authority arises where "the statements or conduct of *the alleged principal* reasonably cause the third person to believe that the principal consents to have the act done on his behalf by the purported agent." Hinely v. Barrow, 169 Ga. App. 529, 530 (1984).

Here, the Plaintiff has failed to plead any facts establishing either an express or apparent agency relationship between Brown and the Akon Defendants. To the extent the Plaintiff alleges an express agency relationship, DMI fails to identify any agreement establishing such relationship. To the extent that the Plaintiff alleges apparent agency, DMI has not identified any act by any of the Konvict Defendants that led it "to believe that the principal consents to have the act done on his behalf by the purported agent." Hinely, 169 Ga. App. at 530.

DMI does allege that "Brown was acting on his own behalf and as the duly authorized agent and representative of [the Konvict Defendants]." (Compl. ¶ 12.) The Plaintiff also states repeatedly that Brown acted "on behalf of himself, the Konvict Defendants, [and] Akon." (Id. ¶¶ 14-18.) These allegations, however, are merely legal conclusions. See Twombly, 550 U.S. at 555 (for purposes of motion to dismiss court is not bound to accept legal conclusions as factual allegations supporting party's

claims).  The Plaintiff does not offer a single fact supporting his conclusion that Brown was an agent for the Akon Defendants.  Finally, the Agreement is signed "Melvin Brown, Konvict Muzik, LLC."  (Compl., Ex. 1.)  Although the Defendants do not argue that Konvict Muzik, LLC is not bound by the Agreement, no other Konvict Defendant signed the Agreement.  See Accurate Printers, Inc. v. Stark, 295 Ga. App. 172, 178 (2008) (quoting Kaesemeyer v. Angiogenix, Inc., 278 Ga. App. 434, 437 (2006)) ("It is axiomatic that a person who is not a party to a contract is not bound by its terms.").  Further, the Agreement expressly provides that "it is limited to the parties of signature hereto."  (Compl., Ex. 1.)  For these reasons, the Plaintiff's breach of contract claim is dismissed as to Konvict Muzik Group, LLC, Konvict Entertainment, LLC, and Konvict Management & Artist Development, LLC.

B.   Conversion

The Akon Defendants have moved to dismiss the Plaintiff's conversion claim. To succeed on a conversion claim, the Plaintiff must show "(1) title to the property or the right of possession, (2) actual possession in the other party, (3) demand for return of the property, and (4) refusal by the other party to return the property." Johnson v. First Union Nat'l Bank, 255 Ga. App. 819, 823 (2002).  Here, DMI admits that the funds were deposited into a bank account entitled "Melvin Brown, Inc.," *not* "Melvin Brown KMG."  (See Compl. ¶ 23 & Ex. 1.)  Nevertheless, the Plaintiff alleges that

"Brown, the Konvict Defendants, Akon and Brown, Inc. have refused to return Plaintiff's four hundred thousand dollars ($400,000.00), but rather, have converted Plaintiff's money for their own uses apart from the Agreement." (Compl. ¶ 40.)

The Plaintiff, however, has not alleged any facts indicating that the Akon Defendants have actual possession of the funds. Rather, DMI makes the legal conclusion that the Akon Defendants "have converted Plaintiff's money for their own uses." (Compl. ¶ 40.) See Iqbal, 129 S. Ct. at 1940 ("threadbare recitals of a cause of action's elements, supported by mere conclusory statements," are insufficient to survive motion to dismiss). The Plaintiff has not shown how the Akon Defendants are related to Melvin Brown, Inc., much less that the Akon Defendants gained possession of $400,000 from Melvin Brown, Inc. Ultimately, the alleged relationship between Melvin Brown, Inc., Melvin Brown, and the Akon Defendants does not establish "more than the mere possibility of misconduct" needed to survive a motion to dismiss. Iqbal, 129 S. Ct. at 1950 ("only a complaint that states a plausible claim for relief survives a motion to dismiss."). For this reason, the Plaintiff's claim for conversion against the Akon Defendants is dismissed.

C.   Fraud

The Plaintiff has asserted a fraud claim against the Konvict Defendants. "The tort of fraud has five elements: (1) a false representation or omission of a material fact;

(2) scienter; (3) intention to induce the party claiming fraud to act or refrain from acting; (4) justifiable reliance; and (5) damages." Wolf v. Middleton, 305 Ga. App. 784, 788 (2010) (quoting ReMax North Atlanta v. Clark, 244 Ga. App. 890, 893 (2000)). DMI apparently contends that Brown made fraudulent misrepresentations as an agent for the Konvict Defendants.[1] (See Pl.'s Resp. in Opp'n to Defs.' Mot. to Dismiss, at 13.) As discussed above, however, the Plaintiff has not pled facts sufficient to establish a plausible claim of agency. Further, as discussed above, the Plaintiff has not pled facts showing that the Konvict Defendants received any of the funds deposited in the Melvin Brown, Inc. account. For these reasons, the Plaintiff's fraud claim against the Konvict Defendants is dismissed.

D. Unjust Enrichment

Finally, the Plaintiff has brought a claim for unjust enrichment against the Akon Defendants. DMI asserts this claim as an alternative to its breach of contract claim.

---

[1] To the extent DMI claims that other unnamed individuals made fraudulent statements on behalf of any or all of the Konvict Defendants, the Plaintiff's claim fails to meet the specificity requirements of Federal Rule of Civil Procedure 9(b). FED. R. CIV. P. 9(b); see also Ziemba v. Cascade Intern., Inc., 256 F.3d 1194, 1202 (11th Cir. 2001) (quoting Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F.3d 1364, 1371 (11th Cir. 1997)) (to comply with Rule 9(b), complaint must set forth "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.").

(See Pl.'s Resp. in Opp'n to Defs.' Mot. to Dismiss, at 16.)  "[T]he theory of unjust enrichment applies when as a matter of fact there is no legal contract, but where the party sought to be charged has been conferred a benefit by the [claimant] which the benefitted party equitably ought to return or compensate for."  Sampson v. Haywire Ventures, Inc., 293 Ga. App. 779, 781 (2008) (quoting Smith v. McClung, 215 Ga. App. 786, 789 (1994)).  Here, as discussed above, the Plaintiff has not pled any facts showing that the Akon Defendants received the funds transferred pursuant to the Agreement.  Although DMI claims that the Akon Defendants "have been unjustly enriched at the expense of Plaintiff by their retention of Plaintiff's money," this allegation is nothing more than a legal conclusion.  See Twombly, 550 U.S. at 555 (noting that court is not bound to accept legal conclusions as factual allegations supporting party's claims).  For these reasons, the Plaintiff's claim for unjust enrichment against the Akon Defendants is dismissed.

IV. Conclusion

For the reasons set forth above, the Court GRANTS the Defendants' Motion to Dismiss [Doc. 8].

SO ORDERED, this 26 day of May, 2011.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge